YELVERTON, Judge.
Gilton Pitre sued The Kroger Company for damages allegedly caused by a slip and fall accident in a grocery on Twelfth Street in the City of Lake Charles. From a judgment by the trial court rejecting plaintiff’s claim, Pitre appeals. We affirm.
The plaintiff testified at the trial that on May 30, 1982, he and a friend, Joe Guillory, went to Kroger’s to look for some car parts. Not finding the parts, the plaintiff was leaving the store when, near a cash register, he slipped in an oily substance on the floor, falling on his back and head. He described the substance as a puddle about 10 inches in diameter. He said that when he fell, his friend Guillory came over to see about him and he told him to call an ambulance. Employees from Kroger came and mopped up the substance and took a photograph of him as he lay there. The ambulance came and took him to Memorial Hospital. He was discharged within an hour and he was told to make an appointment with Dr. Moore.
Joe Guillory testified that he saw plaintiff fall at the corner of the cash register. He immediately called an ambulance. This witness stated he went over and examined the puddle where the plaintiff slipped, and tasted it, and found it to be egg whites. The puddle was about four inches in diameter. The witness stated he called the ambulance as soon as he saw the plaintiff fall before he went to check on his condition. He stated the puddle had been stepped in since it had a streak extending from it. He noticed a small spot on the heel of plaintiff’s right shoe. He stated the employees of Kroger mopped up the puddle after the arrival of the ambulance.
John New, the co-manager of Kroger, testified that when he arrived at the scene of the alleged accident, he saw Pitre lying on the floor. There was a puddle of cooking oil to the right of plaintiff’s waist. The puddle was round and did not appear to be slipped in. There were no skid marks and the liquid had not been tracked through the store. The heels and soles of plaintiff’s shoes were dry and did not contain any foreign substances. When photographing Pitre the witness took two fingers and rubbed the foreign substance across one of Pitre’s shoes to show the contrast. Oil was on the floor and on the top of Mr. Pitre’s right shoe. It appeared that the oily substance had splattered on the top of his shoe. The puddle was six to eight inches in diameter. The substance was not removed until the ambulance and the plaintiff had left for the hospital.
The parties stipulated that Johnny Hol-ston, the ambulance attendant, had he testified, would have said that the bottom of the plaintiff’s shoes were dry. It was also stipulated that Paul Vickers and Karen Ashworth, employees of Kroger, would have testified the same as John New.
Pauline Sarvant, another employee of Kroger, testified that she saw a man in May 1982 fall in front of the store by one of the check-out stands. The man did not fall hard, he just sank to the floor in slow *1125 motion. He did not fall flat on his back or strike his head. The witness could not identify the plaintiff as the man she saw “falling” to the floor.
The defendant also introduced into evidence a photograph taken of the plaintiff at the scene of the accident. The bottoms of plaintiff’s shoes appear dry except where Mr. New put the substance on the sole of one of them with his two fingers.
The trial court made express findings of fact based on credibility, believing the defendant’s witnesses and not believing the plaintiff and his witness. The court said:
“The court rendered judgment for defendant, and counsel for plaintiff requested written reasons for judgment.
“The evidence, stipulations and testimony convinced the court that plaintiff did not slip and fall on any substance on the floor in defendant’s business establishment on May 30, 1982. Proof by a preponderance demonstrated that plaintiff did not disturb a puddle of foreign substance on the floor near where he laid down and pretended pain.
“Plaintiff’s witness was already stationed near a pay telephone when plaintiff laid down, and summoned an ambulance without even going to see about his friend. The witness testified he saw the substance mopped up. He also testified that he left with the ambulance when it carried plaintiff to the hospital. The substance was not removed until after plaintiff, the ambulance and that witness left the store. * * * * * sfc
“No foreign substance was on plaintiff’s shoes while he lay on the floor, not even the edge of the heel. It appears likely that plaintiff poured a small amount of a clear oily liquid on the floor, spattering some on his shoes in the process, then laid down near it, but didn’t want to get any of it on his clothes. However, the court makes no finding of that as a fact.
“Plaintiff has a lumbar disc problem dating back several years. He did not re-injure or aggravate it in any fall at Kroger’s store in an accident, although he could have done so in his attempt to fake a fall. No liability rests upon defendant for plaintiff’s actions.”
The trial judge herein was in a better position to evaluate the conflicting testimony and the credibility of the witnesses. The trial court found the defendant’s witnesses and evidence, more credible. When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, a reviewing court will not disturb the factual findings on appeal in the absence of manifest error. Richoux v. Hebert, 449 So.2d 491 (La.App. 3rd Cir.1983), writ denied, 450 So.2d 368 (La.1984). In the present case the facts found by the trial court reveal that plaintiff’s shoes were dry and that the puddle of foreign substance was not disturbed. Based on these facts the trial court could reasonably conclude that the plaintiff did not slip and fall on the foreign substance. From our review of the record we find no error in these findings.
For these reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.